UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM LAMAR BROWN,<br><br>                    Petitioner,<br><br>vs.<br><br>DOMINGO URIBE, JR., Warden,<br><br>                    Respondent. | Civil No.   12-0076 WQH (MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS,** and<br><br>**(2) DISMISSING PETITION WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

On January 9, 2012, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a request to proceed in forma pauperis.

## **APPLICATION TO PROCEED IN FORMA PAUPERIS**

Petitioner has $0.00 on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and

without being required to post security.  The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

### **FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Petitioner lists various problems he claims he is facing in prison.  Specifically, Petitioner claims that his federal due process and equal protection rights are being violated by Centinela State Prison's policy of denying him access to the law library during lockdown.  (Pet. at 3-4.) Petitioner's claim is  not cognizable on habeas because it does not challenge the constitutional validity or duration of confinement.  See 28 U.S.C. § 2254(a); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Heck v. Humphrey, 512 U.S. 477, 480-85 (1994).  "Section 2254 applies only to collateral attacks on state court judgments." McGuire v. Blubaum, 376 F. Supp. 284, 285 (D. Ariz. 1974).

In no way does Petitioner claim his state court conviction violates the Constitution or laws or treaties of the United States.  Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, 28 U.S.C. foll. § 2254.  Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights.

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983.  See Preiser, 411 U.S. at 488-500. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.  Id. at 500.  On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.  Id. at 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997).  It

appears that Petitioner challenges the conditions of his prison life, but not the fact or length of his custody. Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's request to proceed in forma pauperis and **DISMISSES** the case without prejudice and with leave to amend. If Petitioner wishes to challenge the fact or duration of his confinement by attacking his state court conviction, he must, **no later than March 20, 2012** file a First Amended Petition. If he wishes to challenge the conditions of his prison life, he must, **no later than March 20, 2012**: (1) file a new civil complaint pursuant to 42 U.S.C. § 1983 which will be given a new civil case number, **AND** (2) pay the $350 filing fee **OR** file a motion to proceed in forma pauperis . **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK FIRST AMENDED HABEAS CORPUS PETITION FORM (28 U.S.C. § 2254) AND A BLANK 42 U.S.C. § 1983 CIVIL COMPLAINT FORM TOGETHER WITH A COPY OF THIS ORDER.**

IT IS SO ORDERED.

DATED: January 19, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge